IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-05-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| RUSSELL SCOTT WILKEY, | |
| Defendant. | |

## INTRODUCTION

Defendant Russell Scott Wilkey was charged with a one-count indictment for the possession of firearms by a prohibited person on May 27, 2020, in violation of 18 U.S.C. § 922(g)(8). (Doc. 17 at 2.) The grand jury based Wilkey's charge on the fact that a Florida Court had issued a permanent order of protection on Wilkey in 2015. (Doc. 16 at 2-3.) Trial is set for September 8, 2020. (Doc. 20 at 3.)

## BACKGROUND

An ex parte petition for an order of protection was filed against Wilkey in Florida Circuit Court in September 2015. (Doc. 16 at 3.) The court issued a temporary injunction in response to the ex parte petition. (*Id.*) The ex parte injunction was effective for fifteen days absent a continuance for "good cause" under Florida law. Fla. Stat. § 741.30(5)(c). (*Id.*)

1

The Return of Service on this initial ex parte order states that it was "received [for] civil process on 9/29/15." (Doc. 16-1 at 18). The same "Return of Service" states, in contradiction, that the ex parte temporary injunction was served six days before law enforcement received the document. *(Id)*.

Wilkey attended and participated in the protection order hearing on October 21, 2015. (Doc. 17 at 3.) His participation is evidenced by the following relevant statements he made during the hearing:

1. "If you want to keep the protection order, go ahead. I'll be in Montana on Saturday." (Doc. 16-1 at 46.)
2. "Your honor, I'm going to accept the PF [the protection order] and just walk away. I'll go back Montana, I'll argue with the ATF, and I'll go from there." (Doc. 16-1 at 54.)

He made other statements to the court throughout the duration of the hearing. (Doc. 16-1 at 37-60.) The Florida court indicated in the record that Wilkey consented to the final order. (Doc. 16-1 at 26.)

The final order issued by the Florida court forbids Wilkey from committing any further acts of domestic violence against the petitioner. (Doc. 16-1 at 27.) The order explicitly prohibits Wilkey from possessing or controlling firearms and/or ammunition. (*Id*.) The final order of protection was never served on Wilkey

2

because he left the courthouse immediately after the hearing and left for Montana a few days later. (Doc. 17 at 4.)

In Broadwater County, Montana, Wilkey's girlfriend called law enforcement on October 28, 2019, to report that Wilkey was beating his dog with a metal pipe. (Doc. 17 at 2.) Officers responded to the call and arrested Wilkey for partner/family member assault. (*Id*.) Wilkey's girlfriend told the police that he possessed firearms. (*Id*.) Sherriff's deputies obtained a search warrant and confiscated one pistol, one rifle, and two rounds of ammunition from Wilkey's possession. (*Id*. at 2-3.)

Section 922(g)(8) of Title 18 of the United States Code provides, in part, that it shall be unlawful for a person to possess firearms in the following circumstances:

(8) who is subject to a court order that—

 (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
 (B)  restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
(C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
 (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

18 U.S.C. § 922(g)(8).

## DISCUSSION

Wilkey's first Motion to Dismiss attacks the constitutionality of § 922(g)(8) under the Second, Fifth, and Sixth Amendments. (Doc. 14.) The second Motion argues the protection order is invalid because it does not comply with the requirements of 18 U.S.C. § 2265 (*Id.*). The Court addresses these motions in turn below.

### I. Wilkey's Motion to Dismiss Indictment Based on Constitutionality of 18 U.S.C. § 922(g)(8)

Wilkey raises several constitutional challenges to 18 U.S.C. § 922(g)(8). Wilkey argues that the court denied his Second Amendment rights immediately upon the issuance of the ex parte protection order. (Doc. 16 at 11-12.) He asserts that § 922(g)(8) permits a person's Second Amendment rights be revoked permanently based on findings by a court under a preponderance of evidence standard of proof with no right to a jury trial. (*Id.*) Defendant contends that § 922(g)(8) violates the Second Amendment. (*Id.*) The Second Amendment affirms a person's right to keep and bear arms for protection of self and others and applies to the States by virtue of the Fourteenth Amendment. *Dist. Of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

Wilkey argues that a court's immediate denial of a person's ability to possess firearms upon entry of a civil protection order represents restraint that historically resembles punishment similar to *Kennedy v. Mendoza-Martinez*, 372

U.S. 144, 166 (1962). The Supreme Court held that denying citizenship in a civil proceeding qualifies as punitive and violates a citizen's constitutional rights because a citizen cannot be deprived of nationality as a form of punishment without affording Fifth and Sixth Amendment protections. *Id.* at 166. The Supreme Court listed considerations to determine whether deprivation of citizenship qualifies as punitive. *Id*. at 168.

The Court distinguishes *Mendoza-Martinez* from the instant circumstances. The action of a court to restrict a person subject to an order of protection from possessing guns for a period of time fails to rise to the level of punishment similar to the permanent stripping of citizenship. A person subject to a protection order may petition the court that issued the order to have the order amended or dismissed. (*See* Doc. 16-1 at 27).

Wilkey also argues that no material or contextual difference exists between defendants convicted under § 922(g)(8) (prohibiting persons who are subject to a protection order from possessing firearms) and § 922(g)(9) (prohibiting persons convicted of a misdemeanor crime of domestic violence from possessing firearms). (*Id.*) Wilkey argues that § 922 violates the constitution when the statute affords a person Fifth and Sixth Amendment rights in § 922(g)(9), but denies those same rights in the context of § 922(g)(8). (Doc. 16 at 15); *see Weinberger v. Wiesenfeld*, 420 U.S. 636, n.2 (1975) (noting that although "the Fifth Amendment contains no

equal protection clause, it does forbid discrimination that is so unjustifiable as to be violative of due process" (internal quotation marks omitted)). Defendant argues that § 922(g)(8) proves unconstitutional on due process and equal protection grounds afforded by the Fifth Amendment. (*Id.*) The Court disagrees.

The reasoning in *United States v. Young*, 458 F.3d 998 (9th Cir. 2006), proves persuasive here. The district court in *Young* considered "the conditions under which federal criminal law prohibits an individual from possessing a firearm if he is the subject of a state domestic violence restraining order." 458 F.3d at 1000. The defendant had been convicted under § 922(g)(8), but the district court overturned the conviction based on defendant's Rule 29 motion. *Id.* The district court read additional requirements into § 922(g)(8) including expanding on the meaning of "actual notice" and the "opportunity to participate." *Id.*

The Ninth Circuit reversed the district court's decision on grounds that "without congressional authorization, the court will not entertain a collateral inquiry into the constitutionality of state court restraining order proceedings which is immaterial except to the extent the federal statute explicitly requires certain procedural protections." *Id.* at 1005. *Young* declined to expand the due process protections beyond what the plain language of the statute required, which is "actual notice" and an "opportunity to be heard." *Id.* at 1010. The Ninth Circuit rejected the argument for enhanced procedural protections: "we do not find any basis in the

statute for requiring the restraining order issue after proceeding with all the due process protections of a criminal trial." *Id.* at 1005-06.

Wilkey had both notice and an opportunity to be heard. He participated in the hearing and ultimately consented to the entry of the order of protection. (Doc. 16-1 at 46, 54). Despite Wilkey's contentions otherwise, a protection order hearing remains a civil hearing, with both parties frequently proceeding pro se. Wilkey remained free to petition the court to remove the restrictions on his possession of firearms. No violation of the Fifth or Sixth Amendment occurs based on the differing treatment of defendants in the § 922(g)(9) context and those subject to orders of protection in the § 922(g)(8) context. Section 922(g)(9) imposes restrictions based upon a criminal conviction. The Ninth Circuit in *Young* explicitly declined to expand procedural protections beyond the plain language of the statute. 458 F.3d at 1005-06.

## II. Wilkey's Motion to Dismiss Indictment Based on Violation of 18 U.S.C. § 2265 (Doc. 15)

Wilkey argues that the procedural protections of 18 U.S.C. § 2265 must be satisfied for the government to contend that the order for protection deserves full faith and credit. Section 2265(b) provides as follows:

> (b) Protection Order.—A protection order issued by a State, tribal, or territorial court is consistent with this subsection if—
>
> > (1) such court has jurisdiction over the parties and matter under the law of such State, Indian tribe, or territory; and

> (2) reasonable notice and opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person's right to due process. In the case of ex parte orders, notice and opportunity to be heard must be provided within the time required by State, tribal, or territorial law, and in any event within a reasonable time after the order is issued, sufficient to protect the respondent's due process rights.

Wilkey raises several issues with the procedural process by which the Florida Court issued the order of protection. Wilkey points to the inaccurate service dates on the Return of Service. (Doc. 16-1 at 5). Wilkey also briefly argues that the failure of the party to register the judgment in Montana renders it unenforceable. Wilkey contests the provision § 2265(d) that explicitly states that a protection order need not be registered in a state in order to be enforced. Wilkey argues that under *Printz v. United States*, 521 U.S. 898 (1997), state legislators are not subject to federal direction or control and Congress cannot unilaterally dispense with Montana's procedural requirements. (Doc. 16 at 7).

Wilkey also challenges the fact that the Florida court did not address the factual allegations of abuse and failed to make particular factual determinations regarding the underlying conduct. Wilkey cites to *United States v. Bramer*, 956 F.3d 91 (2d Cir. 2020), to support this argument. Wilkey points to the circumstance in *Bramer* where no record existed that the judge had made particular determinations regarding the defendant's conduct. *Bramer*, 956 F.3d at 97.

Wilkey's arguments lack merit. Wilkey attended the hearing and consented to the entry of the order of protection. He had actual notice and participated in the hearing. The Florida court made the findings required by § 922(g)(8). Wilkey's argument regarding enforceability of the order of protection falls short. No party sought to enforce the order of protection in Montana. *Printz* has no application here. The arresting officers discovered the order of protection following Wilkey's arrest on other charges in Montana. Nothing prevented the government from seeking to prosecute Wilkey for his violation of § 922(g)(8).

Similarly, in *Bramer*, the court focused on whether Bramer had been provided an opportunity to participate—and ultimately concluded inadequate evidence had been presented to the jury to prove the defendant had an opportunity to participate in a protection order hearing. The facts differ here. Wilkey participated in the hearing, consented to the order of protection, and offered testimony. (Doc. 16-1 at 46, 54).

Accordingly, **IT IS ORDERED:**

1. Wilkey's First Motion to Dismiss Indictment Based on Unconstitutional Statute (Doc. 14) is **DENIED**.

2. Wilkey's Second Motion to Dismiss Indictment (Doc. 15) is **DENIED**.

DATED this 4th day of August, 2020.

_____
Brian Morris, Chief District Judge
United States District Court